IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REV. BRIAN THOMAS,** | : | CIVIL ACTION NO. 1:07-CV-1032 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **PAUL K. ALLISON, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 13th day of June, 2007, upon consideration of *pro se* plaintiff's motion to proceed *in forma pauperis* (Doc. 2), and the complaint brought pursuant to 42 U.S.C. § 1983 (Doc. 1), and it appearing that plaintiff is unable to pay the filing fee in the above-captioned case, see 28 U.S.C. § 1915 ("[A]ny court of the United States may authorize the commencement, prosecution, or defense of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . that the person is unable to pay such fees or give security therefor."), that plaintiff does not have standing to seek relief on behalf of all *pro se*, indigent litigants in Pennsylvania courts (see Doc. 1 ¶ 1 ("This action is instituted for the purpose of addressing discrimination against Indigent Pro Se & Pro Per litigants . . . ."); see also id. ¶¶ 2, 16, 22), see Rabold v. Syndicate Monroe County, Pa. Charter, No. 3:06-CV-2474, 2007 WL 43988, at *1 (M.D. Pa. Jan. 4, 2007) ("It is quite clear in this Circuit that third parties generally lack standing to bring claims under § 1983 for violation of the constitutional rights of another."), that plaintiff alleges no direct involvement in the alleged wrongful

conduct against defendants Dale R. Denlinger, David Totarto, the Commonwealth of Pennsylvania, Chris Reed, the County of Lancaster, the Court of Common Pleas of Lancaster, Tom Corbett, the Pennsylvania Self Insurance Liability Program, Bureau of Risk Management, the Commissioners of Lancaster County, or the Office of the Clerk of Courts of Lancaster County (see Doc. 1), see 28 U.S.C. § 1915(e) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim . . . ."); Mendez v. Pa. Dep't of Corr., No. 06-3097, 2007 WL 1340896, at *1 (3d Cir. May 8, 2007) (finding that plaintiff had not stated a claim against a defendant because "the complaint does not indicate that this party had any direct involvement in the alleged wrongful conduct, and *respondeat superior* is not a recognized basis for liability under § 1983"), that venue in the Middle District of Pennsylvania is improper for the only defendants—Dale K. Allison and Bruce A. Roth—to which plaintiff alleges direct involvement,[1] see 28 U.S.C. § 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is

---

[1] Plaintiff alleges that venue is proper in the Middle District of Pennsylvania because the events complained of occurred in Pennsylvania and the parties live or work in Pennsylvania (see Doc. 1 ¶ 3). However, plaintiff's allegations involve events and defendants in Lancaster County, which is in the Eastern District of Pennsylvania. See Admin. Off. of the U.S. Cts., United States District Courts, at http://www.uscourts.gov/districtcourts.html (last visited June 11, 2007).

situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought"), and that plaintiff's claims are frivolous,[2] it is hereby ORDERED that:

1. The motion to proceed *in forma pauperis* (Doc. 6) is GRANTED.

2. The complaint (Doc. 1) is DISMISSED.  See 28 U.S.C. § 1915(e).

3. Leave to amend is DENIED as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4. Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

5. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Plaintiff alleges that defendants Allison and Roth violated his due process and equal protection rights in their capacity as judges in state court.  Such claims are barred by absolute judicial immunity.  See Kwasnik v. Leblon, No. 05-5210, 2007 WL 1482002, at *3 (3d Cir. May 22, 2007) ("A judicial officer in the performance of his or her duties has absolute immunity from suit.  'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citations omitted)).  Plaintiff's claim that Title 75 of the Pennsylvania Statutes (Vehicles) violates the Second Amendment is likewise frivolous.